Filed 3/15/23  P. v. Valdivia CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDREW VALDIVIA,<br><br>    Defendant and Appellant. | D080796<br><br><br><br>(Super. Ct. No. FVA801582)<br><br>ORDER MODIFYING OPINION<br>NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on March 10, 2023, be modified as follows:

On page 2, first sentence of the fourth full paragraph, the words "received briefing" are omitted.  It should read as follows:

On remand the court appointed counsel and conducted a hearing.

There is no change in the judgment.

HUFFMAN, Acting P. J.

Copies to:  All parties

Filed 3/10/23  P. v. Valdivia CA4/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDREW VALDIVIA,<br><br>    Defendant and Appellant. | D080796<br><br><br>(Super. Ct. No. FVA801582) |

APPEAL from an order of the Superior Court of San Bernardino County, Ingrid A. Uhler, Judge.  Affirmed.

Andrew Valdivia, in pro. per.; and Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Andrew Valdivia with two counts of premeditated attempted murder (Pen. Code,[1] §§ 664 & 187, subd. (a)) and found true the allegation he personally discharged a weapon causing great

---

[1]    All further statutory references are to the Penal Code.

bodily injury (§ 12022.53, subds. (d) & (e)(1)). The jury also found Valdivia personally inflicted great bodily injury (§ 12022.7, subd. (a)).

Valdivia was sentenced to an indeterminate term of 30 years plus a term of 55 years to life.

Valdivia appealed and this court ordered the trial court to strike the 10 year terms imposed under section 186.22, subdivision (b)(1)(C). The court affirmed the balance of the judgment. (*People v. Valdivia* (Aug. 12, 2011, D057386) [nonpub. opn.].)

In 2021, Valdivia filed a petition for resentencing under former section 1170.95 (now renumbered section 1172.6). The court summarily denied the petition without appointing counsel or conducting a hearing. Valdivia appealed and this court remanded with directions to appoint counsel and conduct an appropriate hearing. (*People v. Valdivia* (Mar. 25, 2022, D079032) [nonpub. opn.].)

On remand the court appointed counsel, received briefing, and conducted a hearing. The court found Valdivia had failed to state a prima facie case for relief under section 1172.6 and denied the petition.

Valdivia filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We forwarded counsel's brief to Valdivia and gave notice pursuant to *Delgadillo* that he could file his own brief. In the opening brief, appellate counsel has identified three possible issues that were considered in accordance with *Anders v. California* (1967) 386 U.S. 738:

1. Whether the court erred in failing to order statutorily mandated briefing before ruling on Valdivia's petition.

2.  Whether Valdivia received ineffective assistance of counsel when counsel conceded that Valdivia had not stated a prima facie case for resentencing.

3.  Was Valdivia eligible for relief under section 1172.6?

Valdivia has responded with a supplemental letter brief which we will address below.

The Supplemental Brief

Valdivia filed a brief in response to the "*Delgadillo*" notice.  Although his brief is filed in the appeal from denial of his resentencing petition, it does not actually address the merits of his purported challenge of the denial.  Valdivia acknowledges the trial court found he had been convicted of attempted murder and that the trial court found he had acted with malice in his attempts to commit murder, he really should have been convicted of manslaughter on a heat of passion theory.  Valdivia contends his trial attorney provided ineffective assistance in failing to develop his defense.  He does not contend the trial court misunderstood the nature of the offense for which he was found guilty; found he acted with premeditation, and personally discharged a weapon causing great bodily injury.

Valdivia's brief raises a challenge on the basis of materials outside the record of this appeal.  His remedy, if any, will be by a petition for habeas corpus filed in the trial court.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Nothing in Valdivia' s submission has raised any arguable issues for reversal on appeal.  Competent counsel has represented Valdivia on this appeal.

DISPOSITION

The order denying Valdivia's petition for resentencing under section 1172.6 is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.

4